UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-22, RONALD NICK PRELETZ,

        Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

The United States filed an Application for Entry of Preliminary Order of Forfeiture ("Application") seeking a forfeiture order pursuant to 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 1955(d) together with 28 U.S.C. § 2461(c), and Fed.R.Crim.P. 32.2, based upon Defendant Ronald Nick Preletz's violations of 18 U.S.C. §§ 371 and 1955, as alleged in Count Two of the Third Superseding Indictment. The Application seeks an order for the disposition of certain firearms consistent with the terms of the Rule 11 Plea Agreement ("Rule 11") entered into by Defendant Ronald Nick Preletz ("Defendant").

Based upon the information contained in the Application, the contents of Defendant's Rule 11, Defendant's guilty plea to violating 18 U.S.C. §§ 371 and 1955, Defendant's agreement to forfeit property pursuant to 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 1955(d) together with 28 U.S.C. § 2461(c), and

other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) together with 28 U.S.C. § 2461(c) and Fed.R.Crim.P. 32.2, property which constitutes or is derived from proceeds traceable to Defendant's violation of 18 U.S.C. §§ 371 and 1955, and property used or involved in such violation, including, but not limited to, the following property (hereinafter collectively referred to as the "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant in such property **IS HEREBY AND FOREVER EXTINGUISHED:**

| 1B | ITEM | SEIZURE LOCATION |
|---|---|---|
| 186 | One 17 x 21 brown frame with Devil's Diciples memorabilia | 20114 Macel, Roseville, MI |
| 187 | One Devil's Diciples plaque with photo | 20114 Macel, Roseville, MI |
| 188 | One mirror with Devil's Diciples logo and name "Polar Bear" | 20114 Macel, Roseville, MI |
| 189 | One mirror with Devil's Diciples logo | 20114 Macel, Roseville, MI |
| 190 | One 10 x 13 clock with a Devil's Diciples logo on its face | 20114 Macel, Roseville, MI |
| 191 | One 12 x 15 frame containing certificate of award presented to Polar Bear | 20114 Macel, Roseville, MI |
| 196 | Miscellaneous Devil's Diciples memorabilia to include patches and address book | 20114 Macel, Roseville, MI |

| 207 | One Devil's Diciples leather vest with miscellaneous patches and pins | 20114 Macel, Roseville, MI |
| 208 | One Devil's Diciples leather vest with various Devil's Diciples patches and pins | 20114 Macel, Roseville, MI |
| 209 | One black leather Devil's Diciples vest with Devil's Diciples pins and "Property of Polar Bear" patches | 20114 Macel, Roseville, MI |

2. There is a sufficient nexus between the Subject Property and Defendant's violation of 18 U.S.C. §§ 371 and 1955 (Count Two, Conspiracy to Conduct an Illegal Gambling Business), and therefore, the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 1955(d) together with 28 U.S.C. § 2461(c).

3. This Order shall become final as to Defendant at the time it is entered.

4. The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in Defendant's Judgment, and this Preliminary Order of Forfeiture shall be incorporated by reference in the Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on

www.forfeiture.gov for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil

Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. The following firearms are hereinafter referred to as the "inherited firearms":

    - One FN Herstal Pistol, 32 caliber, Serial No. 41413A (1B-799);
    - One Ruger Handgun, Model Single Six, 32 caliber, Serial No. 151-89512 (1B-801);
    - One Savage Westernfield Rifle, Model SB838, 22 caliber (1B-802);
    - One Savage Stevens Shotgun, Model 311, 0.12 caliber, Serial No. 5100 (1B-803); and
    - One F.N. (FN Herstal) Pistol, 32 caliber, Serial No. 56646 (1B-822).

10. Defendant's interest in the inherited firearms has been abandoned pursuant to his agreement in the Rule 11.

11. The inherited firearms are not being forfeited to the United States but – to the extent it is not unlawful – they shall be turned over to an appropriate third party approved by the government under the following terms and conditions, and only after Defendant's sentence in this criminal case has become final:

   (a) The inherited firearms will be delivered to a designated third party, approved by the government, who does not reside with Defendant;

   (b) Within fourteen (14) days from the date that Defendant is sentenced in this criminal case, Defendant, through his attorney, shall provide to the United States the full name and address of the individual Defendant proposes to serve as the third party custodian of the inherited firearms;

   (c) Upon notification of the proposed third party, the United States shall have sixty (60) days to approve or disapprove of the proposed third party custodian. If the third party custodian is not approved by the United States, Defendant shall have an additional fourteen (14) days to propose a new custodian to the United States. The United States shall then have sixty (60) days to either approve or disapprove of the proposed custodian. This process shall continue until a third party

custodian is approved by the United States, not to exceed one (1) year from the date that Defendant is sentenced in this criminal case.

(d) If after one (1) year following the date that Defendant is sentenced in this case, a third party custodian is not designated by Defendant that is acceptable to the United States, the United States may destroy the inherited firearms and Defendant shall not oppose any motion by the government to obtain a destruction order.

(e) Upon approval of a third party custodian, the United States shall, as soon as practicable, deliver the inherited firearms to the third party custodian. However, the inherited firearms will only be released to the designated third party custodian after the designated custodian signs a "Third Party Acknowledgment" form provided by the government which is similar to the form attached to the Rule 11 as Attachment B. The designated third party custodian must also enter into an agreement with the government in which he/she agrees to follow all applicable state and federal laws with regard to the inherited firearms, and to take full responsibility for immediately registering any of the firearms that are required to be registered under State law.

12. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

                         <u>S/Robert H. Cleland</u>
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated: March 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 24, 2016, by electronic and/or ordinary mail.

                         <u>S/Lisa Wagner</u>
                         Case Manager and Deputy Clerk
                         (313) 234-5522